# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| CODY WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF JESUP, GEORGIA, and ) <br> MIKE LANE, CHIEF OF POLICE ) <br> FOR CITY OF JESUP, individually ) <br> and in his official capacity, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:21-cv-7 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Cody Williams ("Plaintiff"), by and through counsel, files this Complaint against Defendants City of Jesup, Georgia ("Jesup"), and Mike Lane, Chief of Police for City of Jesup, individually and in his official capacity ("Lane"), (collectively "Defendants") and alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by failing to pay Plaintiff proper overtime wages. In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff overtime pursuant to the FLSA during the period approximately August 2018 through December 2020.

1

2. Defendants' failure to pay overtime is related to Plaintiff's off-the-clock time spent feeding, exercising, training, grooming, bathing, brushing, transporting, and cleaning up after Defendants' police dog.

## THE PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is a citizen and resident of Georgia.

4. The relevant period is approximately August 2018 through December 2020.

5. Defendant City of Jesup, Georgia is a municipality organized and existing in Wayne County, Georgia.

6. Defendant Jesup can be served through the City Manager, Mike Deal, at 162 E Cherry Street, Jesup, Georgia 31546.

7. Defendant Mike Lane is the Chief of Police of the City of Jesup Police Department. He is a citizen of the United States and a resident of Wayne County, Georgia. Defendant Lane is sued in both his individual capacity and his official capacity as the Chief of Police.

8. Defendant Lane, as Chief of Police, directly supervised and controlled Plaintiff and was the individual ultimately responsible for violating the FLSA.

9. At all relevant times, Plaintiff has been an employee who is, or was, employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

10. At all relevant times, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

11. At all relevant times, Defendant Jesup has continuously been an employer as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is a "public agency" within 29 U.S.C. § 203(x), with its principal place of business within the Southern District of Georgia, Brunswick Division.

12. At all relevant times during his tenure as Police Chief, Defendant Lane has continuously been an employer as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Defendants have been aware of the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*

14. Defendants reside and operate in this judicial district.

15. This court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 207.

16. Defendant Jesup subject to the jurisdiction of this Court.

17. Defendant Lane is are subject to the jurisdiction of this Court.

18. Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. § 1391.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

19. Defendants employed Plaintiff as a law enforcement officer.

20. Defendants employed and/or jointly employed Plaintiff.

21. At all times during his employment, Plaintiff was a non-exempt employee of Defendants.

22. At all relevant times, Plaintiff was an "employee" of Defendants as that term is used in 29 U.S.C. § 203(e)(2)(C).

23. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

24. Defendants hired Plaintiff in September 2014 as a patrol officer.

25. Plaintiff was assigned as a K-9 Handler in August 2018.

26. Plaintiff's employment with Defendants ended in December 2019.

27. Plaintiff's job duties included, but were not limited to, responding to calls for police including emergencies, patrolling assigned areas with a trained dog, issuing citations and making arrests, inspecting crime scenes and finding and securing evidence, writing and filing reports, testifying in court as needed, and training and handling a K-9 dog.

28. In performing his job duties as a K-9 Handler, Defendants required Plaintiff to spend time feeding, exercising, training, grooming, bathing, brushing, transporting, and cleaning up after Defendants' police dog.

29. Plaintiff's performed the job tasks of feeding, exercising, training, grooming, bathing, brushing, transporting, and cleaning up after Defendants' police dog off the clock.

30. Plaintiff's time spent feeding, exercising, training, grooming, bathing, brushing, transporting, and cleaning up after Defendants' police dog was excessive and not *di minimus*.

31. At least once per month, Plaintiff was required to attend a training session with other K9 Handlers from other law enforcement agencies. (compensated?)

32. Defendants refused to compensate Plaintiff for any time spent feeding, exercising, training, grooming, bathing, brushing, transporting, and cleaning up after Defendants' police dog.

33. Defendants knew or should have known that Plaintiff spent time off the clock feeding, exercising, training, grooming, bathing, brushing, transporting, and cleaning up after Defendants' police dog.

34. In performing his job duties for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

35. In performing his job duties for Defendants, Plaintiff did not direct or supervise the work of any employees.

36. In performing his job duties for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

37. In performing his job duties for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

38. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

39. Defendants maintained records of hours that Plaintiff worked.

40. Every two weeks, Defendants totaled Plaintiff's hours for payroll purposes.

41. Every two weeks, Defendants paid Plaintiff for hours worked in the preceding two-week period.

42. Defendants allegedly calculated Plaintiff's overtime wages based on a work period pursuant to 29 U.S.C. § 207(k).

43. The FLSA allows for employers to calculate overtime wages on a 7 to 28-day work period for employees engaged in law enforcement activities. However, Defendants still incorrectly and illegally calculated Plaintiff's overtime wages.

44. Defendants underpaid Plaintiff overtime wage compensation required by the FLSA.

45. Defendants routinely denied Plaintiff payment of overtime wages required by the FLSA.

46. Defendants willfully and/or deliberately failed to pay Plaintiff his earned wages for hours worked in violation of the FLSA.

47. At all relevant times, Defendant Lane was the primary decision maker regarding Plaintiffs' employment.

48. At all relevant times during his tenure as Police Chief, Defendant Lane was Plaintiff's supervisor and had control and direction over workplace conditions, operations, personnel, and compensation.

49. At all relevant times during his tenure as Police Chief, Defendant Lane made hiring and firing decision relating to Plaintiff.

50. At all relevant times during his tenure as Police Chief, Defendant Lane determined Plaintiff's wages.

51. At all relevant times during his tenure as Police Chief, Defendant Lane created Plaintiff's schedules.

52. At all relevant times during his tenure as Police Chief, Defendant Lane approved Plaintiff's hours and days off.

53. At all relevant times during his tenure as Police Chief, Defendant Lane approved Plaintiff's pay checks.

54. At all relevant times during his tenure as Police Chief, Defendant Lane, as a Plaintiff's supervisor made the decision of what to pay Plaintiff and to withhold overtime and other pay in violation of the FLSA.

55. At all relevant times during his tenure as Police Chief, Defendant Lane exercised sufficient control over Plaintiff to cause him to be individually liable for the alleged FLSA violations.

56. Defendant Lane directly told Plaintiff that he would not be compensated for any off the clock time spent feeding, exercising, training, grooming, bathing, brushing, transporting, and cleaning up after Defendants' police dog.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## OVERTIME

57. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

58. At all relevant times, Defendants were engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

59. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

60. At all relevant times, Defendant Jesup was a public agency (as that term

is defined in 29 U.S.C. §§ 203(r), (s)(1), and (x)) with multiple employees (including Plaintiff) who were engaged in commerce.

61. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked and overtime wages in violation of the FLSA.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

63. Plaintiff suffered damages due to Defendants' willful misconduct.

64. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A. An award of compensation for unpaid overtime wages to Plaintiff;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C. All such legal or equitable relief available pursuant to 29 U.S.C. § 216;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

E.      Such other and further relief as this Court deems just and proper.

Respectfully submitted this January 21, 2021,

                              */s/ Gordon Van Remmen*
                              Gordon Van Remmen
                              Ga. Bar #215512
                              Andrew Lampros
                              Ga. Bar #432328
                              **HALL & LAMPROS, LLP**
                              400 Galleria Pkwy SE
                              Suite 1150
                              Atlanta, GA 30339
                              Tel.: (404) 876-8100
                              Fax: (404) 876-3477
                              alampros@hallandlampros.com
                              gordon@hallandlampros.com

                              Joseph Padgett
                              Ga. Bar # 872672
                              **Roden Law**
                              333 Commercial Dr
                              Savannah, GA 31406
                              Tel.: (912) 303-5850
                              jpadgett@rodenlaw.com

                              *Attorneys for Plaintiff*